# UNITED STATES of America

v.

## Royce BROWN, Appellant.

### No. 09–2600.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) March 3, 2010.

Filed: March 5, 2010.

Keith M. Rosen, Esq., Office of United States Attorney, Wilmington, DE, for Appellee.

Royce E. Brown, Sr., United States Penitentiary, Terre Haute, IN, pro se.

Before: SMITH, FISHER and GARTH, Circuit Judges.

## OPINION

PER CURIAM.

Appellant Royce Brown seeks review of a May 8, 2009, order by the United States District Court for the District of Delaware

denying Brown's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). We will affirm the District Court's order.

## I. *Background*

In June 1996, a jury found Brown guilty of possession with intent to distribute more than 50 grams of crack cocaine and unlawful possession of a firearm by a felon. *See* 21 U.S.C. §§ 841(a)(1), (b)(1)(A); 18 U.S.C. § 922(g)(1). In November 1997, the District Court entered judgment and sentenced Brown as a career offender pursuant to U.S.S.G. § 4B1.1,[1] to a total term of 360 months of imprisonment and five years of supervised release. Brown appealed. We affirmed the District Court's judgment. *See United States v. Brown,* C.A. Nos. 96–7449, 97–7602, 173 F.3d 422 (consolidated).

On March 13, 2009, Brown filed a *pro se* motion under 18 U.S.C. § 3582(c)(2) in the District Court, seeking to reduce his sentence by two levels under Sentencing Guideline Amendment 706.[2] Brown, like similar § 3582 movants, was appointed counsel. Brown's counsel promptly moved to withdraw, arguing that, because Brown was sentenced as a career offender, his § 3582 claim lacked merit under *United States v. Mateo,* 560 F.3d 152, 155 (3d Cir.2009). The District Court granted the motion to withdraw. Brown moved for appointment of substitute counsel, but the District Court did not grant the motion.[3]

---

**1.** "A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a).

**2.** In November 2007, the Sentencing Commission issued Amendment 706, which generally reduced the base offense level for crack cocaine offenses under § 2D1.1(c) by two levels. *See* U.S.S.G.App. C, Amend. 706 (Nov. 1, 2007). The Commission made the amendment retroactively applicable. *See* U.S.S.G.App. C, Amend. 713 (Supp. May 1, 2008).

**3.** It does not appear that the District Court ruled upon the motion.

On May 8, 2009, the District Court denied Brown's § 3582 motion.

Proceeding *pro se,* Brown timely filed a notice of appeal.

## II. *Analysis*

### A.

■ We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We review the decision to deny the motion to reduce the sentence under § 3582(c)(2) for abuse of discretion. *See Mateo,* 560 F.3d at 154.

Under § 3582, "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission ....," a District Court may reduce a defendant's sentence, "after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). In his § 3582 motion, Brown argued that, by enacting Amendment 706, the Sentencing Commission lowered his sentencing range.

The District Court denied Brown's motion, stating that it "considered all of the 3553(a) factors and [found] the sentence imposed on November 6, 1997, to be the appropriate sentence." Expressly considering our decision *Mateo,* 560 F.3d at 155–56, the District Court rejected any sentence reduction under Amendment 706.

The District Court did not abuse its discretion. When Brown was originally sentenced, the District Court classified Brown as a career offender pursuant to U.S.S.G. § 4B1.1. Amendment 706 does not affect the sentencing range of an individual classified as a career offender under the Sentencing Guidelines. *See Mateo,* 560 F.3d at 155 ("Amendment 706 only affects calculation under § 2D1.1(c), and the lowering of the base offense level under § 2D1.1(c) has no effect on the application of the career offender offense level required by § 4B1.1."). Because Amendment 706 does not lower Brown's sentencing range, his motion seeking a reduction in his sentence pursuant to § 3582(c)(2) lacks merit. *See id.*

### B.

■ Brown responds that he is "actually innocent of the career criminal enhancement imposed upon him." He claims that he should never has been classified as a career offender in the first instance, so he should have been sentenced under U.S.S.G. § 2D1.1(c) instead of § 4B1.1.[4] Accordingly, he seeks to be re-sentenced as a non-career offender, so that Amendment 706 may apply to reduce his sentence.

In *Mateo,* however, we expressly held that, in the context of a § 3582 motion premised upon Amendment 706, a District Court lacks authority to reconsider a prior determination to apply the career offender guidelines. *Mateo,* 560 F.3d at 156. The

---

**4.** Brown argues that his third degree arson conviction has a *mens rea* of "recklessness" and therefore should not qualify as a "crime of violence." However, Brown does not address the definition of "crime of violence" set forth in the Sentencing Guidelines, which expressly includes arson. U.S.S.G. § 4B1.2(a)(2) ("The term 'crime of violence' means any offense under federal or state law, punishable by imprisonment for a term ex-

ceeding one year, that ... is ... arson ... or otherwise involves conduct that presents a serious potential risk of physical injury to another."); *see also United States v. Parson,* 955 F.2d 858, 866 (3d Cir.1992) (concluding that the Sentencing Commission has the power to expand the category of "career offenders" from the definition set forth in 18 U.S.C. § 16).

District Court correctly applied *Mateo* in denying Brown's career offender claim.

### C.

■ Apparently recognizing that *Mateo* forecloses his efforts under § 3582 to attack his initial classification as a career offender, Brown now attempts to proceed under 18 U.S.C. § 3742(a)(2), which permits a defendant to appeal an otherwise-final sentence if it was "imposed as a result of an incorrect application of the sentencing guidelines." However, Brown has already taken a direct appeal of his conviction. *See United States v. Brown,* C.A. Nos. 96–7449, 97–7602, 173 F.3d 422. Moreover, an attempt to appeal more than a decade after sentencing is clearly untimely. *See* Fed. R.App. P. 4(b)(1)(A)(i).

Looking to the substance of his claim, Brown is attempting to collaterally attack his sentence. Such a claim should be pursued as a motion under 28 U.S.C. § 2255. Brown already filed one § 2255 motion in June 2000, which the District Court denied in February 2003. Accordingly, Brown must seek our authorization before filing a second or successive § 2255 motion. 28 U.S.C. § 2244. Indeed, in his opening brief, Brown makes an alternative request for relief, seeking leave to file a second or successive § 2255 motion. Although one exhibit to his brief purports to be a § 2244 application, Brown did not properly file a § 2244 application with the required supporting documents, as he must do in order to comply with the rules of this Court.[5] *See* 3d Cir. L.A.R. 22.5. If Brown wishes to pursue relief pursuant to 28 U.S.C. § 2244 in the Court of Appeals, he must file a separate application with the Clerk

of the Court and include all the documents required by 3d Cir. L.A.R. 22.5.

### D.

Brown raises various contentions that the Government and his appointed counsel "entered into some off-the-record agreement" that resulted in the dismissal of his § 3582 motion. *See* Opening Brief at 2(a)-(b). We do not credit these vague and unsupported allegations. To the extent Brown is arguing that the District Court abused its discretion by permitting counsel to withdraw or by declining to appoint substitute counsel, we find no abuse of discretion.

### III. *Conclusion*

For the foregoing reasons, we will affirm the judgment of the District Court.

---

**5.** A § 2244 applicant must make a *prima facie* showing that any claim he wishes to raise either relies upon a new, retroactively applicable rule of constitutional law or upon newly discovered evidence of actual innocence. *See* 28 U.S.C. § 2244(b)(2); *In re Olopade,* 403 F.3d 159, 162 (3d Cir.2005). We note that the document Brown has appended to his opening brief does not appear to meet the standards for § 2244 relief.