BLD-008                                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3374
_____

UNITED STATES OF AMERICA

v.

ROYCE E. BROWN, SR.,
                                Appellant
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Criminal No. 1-95-cr-00069-001)
District Judge:  Honorable Sue L. Robinson

_____

Submitted for Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
October 12, 2012
Before:  SCIRICA, HARDIMAN and GREENAWAY, JR., Circuit Judges.

(Filed: October 19, 2012)
_____

OPINION OF THE COURT
_____

PER CURIAM.

    Royce E. Brown, Sr., a federal prisoner proceeding pro se, appeals from the

District Court's denial of his motion requesting a reduction in sentence pursuant to 18

U.S.C. § 3582(c)(2).  We will summarily affirm.

I.

The facts being well-known to the parties, we will set forth only those pertinent to this opinion. In 1996, Brown was convicted of possession with intent to distribute crack cocaine and unlawful possession of a firearm by a felon. As a career offender pursuant to U.S.S.G. § 4B1.1, he was sentenced to 360 months imprisonment. We affirmed his conviction and sentence. (Dkt. No. 147.)

After unsuccessfully pursuing habeas relief, (Dkt. Nos. 186, 193), Brown filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2), relying upon Sentencing Guideline Amendment 706, (Dkt. No. 196). The District Court denied that motion, determining that Amendment 706 did not apply to Brown because he was sentenced as a career offender. (Dkt. No. 200.) We affirmed. United States v. Brown, 369 F. App'x 388, 391 (3d Cir. 2010).

Brown then filed a second § 3582(c)(2) motion, arguing that his sentence should be reduced on the basis of, among other things[1], Amendment 750. The District Court denied Brown's motion to the extent that the arguments raised therein were previously made, and rejected, on appeal. (Dkt. No. 215, pp. 5-6.) As for his reliance on Amendment 750, the District Court determined that it did not apply to defendants

---

[1] The District Court properly recognized that the other Amendments upon which Brown relied were in effect before he was sentenced. (Dkt. No. 215, p. 6 n.8.)

sentenced as career offenders and therefore could not be used to reduce his sentence. (Id. pp. 6-7.) Brown timely appealed.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review a district court's interpretation of the Sentencing Guidelines de novo. United States v. Mateo, 560 F.3d 152, 154 (3d Cir. 2009). We review a district court's ultimate decision to deny a motion pursuant to § 3582 for abuse of discretion. Id. We may summarily affirm the decision of the District Court if no substantial question is presented on appeal. 3d Cir. LAR 27.4 and I.O.P. 10.6.

To be eligible for a reduction in sentence, a defendant must have "been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The sentence must first be "based on" a Guidelines range, and, second, a Guidelines amendment must have the "effect of lowering" that Guidelines range. United States v. Thompson, 682 F.3d 285, 290 (3d Cir. 2012) (citing Freeman v. United States, 131 S. Ct. 2685, 2700 (2011) (Sotomayor, J., concurring)).

We first turn to the issue of whether Amendment 750 could serve to lower Brown's sentence. To conform to the Fair Sentencing Act of 2010, Amendment 750 lowered the base offense levels for crack cocaine quantities listed in U.S.S.G. § 2D1.1. However, as a career offender, Brown's offense level and Guidelines range were based on the application of U.S.S.G. § 4B1.1. Because Brown was not sentenced based on a

3

range that was subsequently lowered by the Commission, he was not eligible for a reduction under § 3582(c)(2). See Mateo, 560 F.3d at 154-55. The District Court did not abuse its discretion in denying Brown's motion.

Brown also argued that he should never have been classified as a career offender. We previously found that argument to be without merit, Brown, 369 F. App'x at 390, and see no occasion to revisit it here. Apart from Brown's reliance on Amendment 750, all of the other arguments advanced in his second § 3582 motion were previously adjudicated on appeal. Id. at 390-91. The District Court properly declined to revisit those issues as well. Finally, Brown's letter opposing summary affirmance does not advance any basis not previously considered by us or the District Court.[2]

### III.

There being no substantial question presented on appeal, we will summarily affirm the District Court's order and deny Brown's motion for appointment of counsel. 3d Cir. LAR 27.4 and I.O.P. 10.6. Brown's motion to expedite his motion for appointment of counsel and the Government's motion in support of summary dismissal are denied as moot.

---

[2] Brown claims that his arguments are supported by Amendments 741 and 759. His reliance on those Amendments is misplaced. Amendment 741 reorganized § 1B1.1 to clarify a three-step approach to sentencing, while Amendment 759 merely implemented the retroactivity of Amendment 750.