**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1123
_____

UNITED STATES OF AMERICA

v.

JAMES WALTER DAVIDSON, Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 95-cr-00495-001)
District Judge:  Honorable Anita B. Brody
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 17, 2012

Before:  AMBRO, FISHER and GARTH, Circuit Judges

(Opinion filed July 18, 2012)

_____

OPINION
_____

PER CURIAM

In 1995, a federal jury found Davidson guilty of possession with intent to

distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) and possession with intent to

distribute cocaine base within 1000 feet of a playground in violation of 21 U.S.C. § 860.

In light of his criminal history, he was sentenced as a career offender under § 4B1.1 of

the Sentencing Guidelines. Under that section, his offense level was 34, which was higher than his offense level would have been based on his crimes relating to cocaine base ("crack cocaine"). The District Court sentenced him within the guidelines of 262 months to 327 months to 264 months of imprisonment (plus a fine of $2000, eight years of supervised release, and $100 special assessment). Davidson appealed. We affirmed the District Court's judgment.

In addition to other challenges to the judgment, in 2008, Davidson filed a pro se motion for a two-level reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2). The District Court appointed counsel, who argued that Davidson's sentence should be reduced because of the retroactively applied Amendment 706 (which lowered the base offense levels for crack cocaine offenses under § 2D1.1(c) of the Sentencing Guidelines by two levels). The District Court denied Davidson's motion, citing United States v. Mateo, 560 F.3d 152 (3d Cir. 2009). In Mateo, we explained that Amendment 706 has no effect on the application of the career offender offense level under § 4B1.1, and a career offender cannot seek a reduction of sentence under § 3582(c)(2) based on Amendment 706. 560 F.3d at 155. On appeal, Davidson, through counsel, acknowledged that Mateo barred his claim but sought to preserve the issue for Supreme Court review. We excused the Government from filing a brief and summarily affirmed the District Court's decision.

In November 2011, Davidson filed another pro se motion for a two-level reduction in sentence pursuant to 28 U.S.C. § 3582(c)(2). In his motion, he argued that he was entitled to a reduction under part A of retroactively applied Amendment 750, which

altered the offense levels in § 2D1.1 relating to crack cocaine. He also claimed that the District Court erred in considering one of his prior convictions (a state conviction for possession with intent to deliver heroin) as a predicate offense for his career offender designation. Lastly, he contended that under current law (specifically the Fair Sentencing Act of 2010) his crime would be classified differently and his sentencing guideline range would change, so he would be entitled to a lower career offender sentence. Considering Mateo and Dillon v. United States, 130 S. Ct. 2683, 2688 (2010), which provided guidance to district courts about reductions in sentences based on a retroactively applicable Guidelines amendment, the District Court denied Davidson's motion.

Davidson appeals. We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of a district court's interpretation of the guidelines is plenary, while our review of the ultimate decision whether to grant or deny a motion for a sentence reduction under § 3582(c)(2) is for abuse of discretion. Mateo, 560 F.3d at 154. On review, we conclude that the District Court did not err in denying Davidson's motion.

The District Court followed the procedure outlined in Dillon. Namely, a court must first determine if a sentence reduction is consistent with § 1B1.10 before it considers whether an authorized reduction is warranted. Dillon, 130 S. Ct. at 2691. As the District Court concluded, a sentence reduction based on Amendment 750 was not consistent with the policy of § 1B1.10 because that provision disallows a reduction where Amendment 750 "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). As in Davidson's earlier attempt to

3

reduce his sentence, the rationale of <u>Mateo</u> bars his claim (including the arguments he repeats). <u>See</u> <u>Mateo</u>, 560 F.3d at 155; <u>see</u> <u>also</u> <u>United States v. Thompson</u>, --- F.3d ---, No. 11-4120, 2012 WL 2308099, at \*5 (3d Cir. Jun. 19, 2012). Like Amendment 706, Amendment 750 has no effect on his offense level, which was based on his designation as a career offender. Accordingly, it is not a basis for a reduction of sentence under § 3582(c)(2).

Furthermore, in his § 3582(c)(2) motion, Davidson could not bring his challenge to his classification of a career offender (based on his argument that one of his prior convictions did not qualify as a predicate offenses for the career offender designation). It simply is not the type of claim intended to be brought under the statutory provision. <u>See</u> 18 U.S.C. § 3582(c)(2).

Also, Davidson was not entitled to a reduction of sentence under § 3582(c)(2) based on his argument that his offense level as a career offender was reduced by the Fair Sentencing Act of 2010 when it altered the statutory penalties for crack cocaine offenses. Davidson contends that the statutory penalty for the crime on which the calculation of his offense level as a career offender was based has been lowered by the Fair Sentencing Act. However, the Fair Sentencing Act's change to the statutory penalties for crack cocaine offenses does not apply retroactively to defendants who committed their crimes and were sentenced before its enactment. <u>See</u> <u>United States v. Reevey</u>, 631 F.3d 110, 113-15 (3d Cir. 2010); <u>see</u> <u>also</u> <u>Dorsey v. United States</u>, No. 11-5683, --- U.S. ---, 2012 WL 2344463, at \*14 (U.S. 2012) (summarizing that the ordinary practice in federal

4

sentencing "is to apply new penalties to defendants not yet sentenced, while withholding that change from defendants already sentenced"). Accordingly, any difference in the penalty cannot change Davidson's offense level and cannot serve as a guideline change that is a basis for a reduction of his sentence under § 3582(c)(2).

For these reasons, we will affirm the District Court's judgment.