NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3154
_____

UNITED STATES OF AMERICA

v.

CHARLES LEWIS MATTHEWS,
a/k/a Bert Matthews,
a/k/a Charles Louis Matthews,
a/k/a Shaun Calhoun

CHARLES LEWIS MATTHEWS,
Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 08-cr-00124)
District Judge: Honorable Yvette Kane
_____

Submitted Under Third Circuit LAR 34.1(a)
April 12, 2010

Before: FISHER, HARDIMAN and COWEN, *Circuit Judges*.

(Filed: April 13, 2010)

_____

OPINION OF THE COURT
_____

HARDIMAN, *Circuit Judge*.

Charles Lewis Matthews challenges the reasonableness of his sentence following a guilty plea. We will affirm.

## I.

Because we write for the parties, we recount only the essential facts.

In the fall of 2007, police stopped Matthews for driving an unregistered motorcycle. Before they towed the bike, police conducted a pat-down of Matthews and found $9340 in cash on his person. An inventory search of a locked compartment of the motorcycle yielded 54.9 grams of crack cocaine. Matthews was released and an arrest warrant issued thereafter.

Two months later, Matthews was driving a car when police stopped him to execute the arrest warrant. Matthews exited the vehicle and began to walk away; when police ordered him to stop, Matthews managed to regain control of the vehicle and fled. With police in pursuit, Matthews ran three stop signs, then abandoned the car and fled on foot. He was apprehended and an inventory search of the car yielded $12,626.80 in cash and a digital scale with cocaine residue. About six weeks later, Matthews assisted the FBI by identifying several drug traffickers and users.

Following his indictment on one count of distribution and possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1), Matthews pleaded not guilty and was scheduled for trial in April 2009. On the day of trial, Matthews pleaded guilty.

The Presentence Investigation Report (PSR) recommended a base offense level of 32 because the offense involved between 150 and 500 grams of cocaine. The PSR also recommended a two-level upward departure for obstruction of justice under § 3C1.2 of the United States Sentencing Guidelines (USSG) and a two-level downward departure for acceptance of responsibility pursuant to § 3E1.1 of the Guidelines, for a total of 32.

The PSR also enumerated Matthews's prior convictions. According to the PSR, on March 14, 1999, York police were investigating a disturbance when they saw Matthews flee after dropping a gun on the ground that they recovered and determined to be a 9-mm semi-automatic pistol with an obliterated serial number. Matthews was convicted of resisting arrest on that occasion.

During sentencing for the offense at issue in this appeal, Matthews objected to the PSR's inclusion of the gun-related facts of his 1999 conviction, claiming he was acquitted of various firearm charges. The District Court overruled that objection stating: "the fact that [Mr. Matthews] was in possession of a firearm is a true fact, and it's the background of that [resisting arrest] offense." JA at 14.

Matthews also objected to the PSR's recommended upward departure for obstruction of justice and the District Court sustained that objection. In the final analysis,

3

Matthews's total offense level was 30 and his criminal history category was VI, resulting in an advisory Guidelines range of 168 to 210 months imprisonment. The District Court reviewed the § 3553(a) factors and sentenced Matthews to 210 months imprisonment, a $500 fine and a $100 special assessment. Matthews timely appealed.[1]

## II.

Matthews claims the District Court committed procedural error by overruling his objection to the PSR's inclusion of the gun-related facts from his March 1999 arrest. Because the jury in that case acquitted him of possession, Matthews argues, the District Court was required to find that he did not possess the weapon. The Government responds that the acquittal is irrelevant because the District Court did not rely on the putative gun possession during sentencing.[2] We agree with the Government.

Based on our review of the record, we conclude that the putative gun possession played no role in the District Court's advisory Guidelines determination. Furthermore, the District Court did not mention gun possession in its § 3553(a) analysis. Because the

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

[2] The Government also contends the District Court was permitted to consider this fact because it is a fact of the conviction for resisting arrest that was supported by "sufficient indicia of reliability to support its probable accuracy." *United States v. Berry*, 553 F.3d 273, 280 (3d Cir. 2009). The probation officer culled the fact of possession from a contemporaneous police report, which the Government claims contains "sufficient indicia of reliability." *See id.* at 283 ("[D]etailed police investigation reports may supply reliable information of prior similar adult criminal conduct." (citation omitted)). We do not reach this issue.

District Court did not rely on this alleged fact, it could not have committed any procedural error in respect thereto.

Matthews also claims the District Court committed substantive error by considering the timing of his guilty plea as part of its § 3553(a) analysis. The District Court reached its advisory Guidelines range of 168 to 210 months by applying a two level downward departure for acceptance of responsibility under USSG § 3E1.1. During its § 3553(a) analysis, the District Court explained that the downward departure was generous because Matthews entered his guilty plea on the day of trial, violated conditions of his previous supervised release, lied to the probation officer, and eluded police. For these reasons, the District Court concluded: "the guideline range of 168 to 210 months is really at the very minimum of what the defendant could expect to fairly receive in this case." The District Court then reviewed the § 3553(a) factors and concluded that 210 months incarceration was reasonable.

Although it is true that the District Court relied on the timing of the plea in fashioning a just sentence, Matthews cites no authority for the proposition that such reliance is an unreasonable application of the § 3553(a) factors. *See, e.g., United States v. Tomko*, 562 F.3d 558, 567-68 (3d Cir. 2009) (en banc). Moreover, it was within the District Court's discretion to note the fact that it had granted Matthews what it considered a generous departure when determining his ultimate sentence.

For the foregoing reasons, we will affirm Matthews's judgment of sentence.