CLD-236                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2141
_____

UNITED STATES OF AMERICA,

v.

CHARLES LEWIS MATTHEWS,
                                                    Appellant
_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. CriminalNo. 08-cr-00124-003)
District Judge:  Honorable Yvette Kane
_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect or
Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 26, 2012

Before:  RENDELL, HARDIMAN and COWEN, Circuit Judges

(Opinion filed: August 17, 2012)
_____

OPINION OF THE COURT
_____

PER CURIAM

    Charles Lewis Matthews, a federal prisoner proceeding pro se, appeals an order of

the United States District Court for the Middle District of Pennsylvania denying his

motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2). Because this appeal presents no substantial question, we will summarily affirm the judgment of the District Court.

In April 2009, Matthews pleaded guilty to one count of a superseding information charging him with distribution and possession with intent to distribute an undisclosed quantity of cocaine base. 21 U.S.C. § 841(a)(1). The Plea Agreement noted that the maximum penalty was 20 years of imprisonment. The Presentence Investigation Report ("PSR") indicated that Matthews was responsible for 353 grams of crack cocaine. Under the Sentencing Guidelines then in effect, that drug quantity (between 150 and 500 grams of cocaine base) resulted in a base offense level of 32. U.S.S.G. § 2D1.1. That level was reduced by two points for acceptance of responsibility. U.S.S.G. § 3E1.1. But, because Matthews had two prior felony convictions for controlled substance offenses, he was classified as a career offender. U.S.S.G. § 4B1.1(a). As a career offender, Matthews' sentencing range was determined based on the table in U.S.S.G. § 4B1.1(b). United States v. Mateo, 560 F.3d 152, 154 (3d Cir. 2009). That table provides that a career offender who faces a maximum penalty of 20 years in prison has an offense level of 32. U.S.S.G. § 4B1.1. Factoring in the same two-level downward adjustment under U.S.S.G. § 3E1.1, Matthews' total offense level was 30. With a mandatory Criminal History category of VI, U.S.S.G. § 4B1.1(b), Matthews faced a Guidelines range of 168 to 210 months of imprisonment. In a Judgment entered July 17, 2009, the District Court sentenced Matthews to 210 months of imprisonment, to be followed by three years of

supervised release.

We affirmed on direct appeal.  United States v. Matthews, 373 F. App'x 303 (3d Cir. 2010).  Matthews next filed a motion pursuant to 28 U.S.C. § 2255, raising claims of ineffective assistance of counsel.  The District Court denied the § 2255 motion on the merits.  United States v. Matthews, No. 10-cv-1549, 2011 WL 183979 (M.D. Pa. Jan. 18, 2011).

In January 2012, Matthews filed a § 3582(c)(2) motion to reduce his sentence in light of Amendment 750 to the Sentencing Guidelines.[1]  The District Court denied the motion and Matthews appealed.[2]  We have jurisdiction under 28 U.S.C. § 1291.  Our review of a district court's interpretation of the Guidelines is de novo, United States v. Sanchez, 562 F.3d 275, 277-78 (3d Cir. 2009), and we review a district court's ultimate disposition of a § 3582(c)(2) motion for abuse of discretion.  Mateo, 560 F.3d at 154 & n.2.

---

[1] The District Court liberally construed Matthews' claims as being brought pursuant to Amendment 750, even though he did not cite that Amendment in his § 3582 motion. Haines v. Kerner, 404 U.S. 519, 520 (1972).  Instead, Matthews relied on Amendment 706 to the Sentencing Guidelines, which "decrease[d] by two levels the base offense level for crack cocaine offenses."  United States v. Wise, 515 F.3d 207, 219 (3d Cir. 2008). Amendment 706 became effective on November 1, 2007, several years before Matthews' July 2009 sentencing.  Under the plain language of § 3582, Matthews is ineligible for a sentence reduction based on Amendment 706.  § 3582(c)(2) (permitting a court to lower a sentence where the applicable sentencing range was "*subsequently* . . . lowered by the Sentencing Commission." (emphasis added)).

[2] Although Matthews' notice of appeal was filed more than 14 days after the District Court entered its order denying the § 3582(c)(2) motion, see Fed. R. App. P. 4(b), the Government has not sought to enforce the time limitation.  Virgin Islands v. Martinez, 620 F.3d 321, 328-29 (3d Cir. 2010).

A district court may reduce a term of imprisonment under § 3582(c)(2) "only when two elements are satisfied:  First, the defendant must have been 'sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission;' and second, the sentence reduction must be 'consistent with applicable policy statements issued by the Sentencing Commission.'"  United States v. Doe, 564 F.3d 305, 309 (3d Cir. 2009).  The applicable policy statement provides that a sentence reduction is not authorized if the retroactive amendment "does not have the effect of lowering the defendant's applicable guideline range."  U.S.S.G. § 1B1.10(a)(2).  In this regard, "the policy statement and § 3582(c)(2) are complementary."  Doe, 564 F.3d at 310.

Amendment 750, which took effect on November 1, 2011, lowered the base offense levels for crack cocaine quantities listed in U.S.S.G. § 2D1.1(c), to conform to the Fair Sentencing Act of 2010 ("FSA").[3]  In Mateo, we held that career offenders sentenced under § 4B1.1 are ineligible for § 3582(c)(2) relief in light of Amendment 706, which, like Amendment 750, lowered the base offense levels for certain quantities of

---

[3] The FSA amended 21 U.S.C. § 841(b)(1) by, among other things, raising the amount of crack cocaine that triggered mandatory minimum prison sentences.  See Dorsey v. United States, -- U.S. --, 132 S. Ct. 2321, 2328-29 (2012).  In response to the FSA, the Sentencing Commission promulgated a temporary amendment that revised the crack cocaine quantity levels in U.S.S.G. § 2D1.1.  Amendment 750 re-promulgated as permanent that temporary amendment.  Id. at 2329.  Although the Commission decided that Amendment 750 should be applied retroactively, see United States v. Curet, 670 F.3d 296, 309 (1st Cir. 2012), the FSA itself is not retroactively applicable, where, as here, both the offense and sentencing occurred before its enactment.  United States v. Reevey, 631 F.3d 110, 114-15 (3d Cir. 2010).

crack cocaine under U.S.S.G. § 2D1.1(c).  Mateo, 560 F.3d at 154-55.  This is because "Amendment 706 only affects calculation under § 2D1.1(c), and the lowering of the base offense level under § 2D1.1(c) has no effect on the application of the career offender offense level required by § 4B1.1."  Id. at 155.  Similarly, because Matthews was sentenced as a career offender under § 4B1.1, Amendment 750 does not affect his applicable sentencing range.  Cf. United States v. Lawson, -- F.3d --, 2012 WL 2866265, at *3 (11th Cir. July 13, 2012) (holding that Amendment 750 did not lower sentencing range for defendant whose "offense level and guideline range . . . were based on § 4B1.1, not § 2D1.1, because he was a career offender.").  Thus, we conclude that Matthews is not eligible for a reduction in his sentence pursuant to Amendment 750, and the District Court did not err in denying his § 3582 motion to reduce his sentence.

We also reject Matthews' reliance on Freeman v. United States, -- U.S. --, 131 S. Ct. 2685 (2011).  In that case, a plurality of the Supreme Court held that a district court may grant a § 3582(c)(2) reduction based on subsequently amended Guidelines where the defendant entered a guilty plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C), which allows the parties to bind the district court to a pre-agreed sentence if the court accepts the plea.  Id. at 2690.  Here, by contrast, Matthews' guilty plea did not include a pre-agreed sentence pursuant to Rule 11(c)(1)(C).  See Lawson, 2012 WL 2866265, at *2 (noting that Freeman did not "address[] defendants who were assigned a base offense level under one guideline section, but who were ultimately assigned a total offense level and guideline range under § 4B1.1.").  Moreover, we recently held that

5

"Mateo remains good law" following Freeman. United States v. Thompson, 682 F.3d 285, 286 (3d Cir. 2012). Finally, although Matthews appears to rely on United States v. Booker, 543 U.S. 220 (2005), that case does not provide a basis for a sentence reduction not otherwise permitted under § 3582(c). Mateo, 560 F.3d at 155-56.

For the foregoing reasons, we will summarily affirm the judgment of the District Court. See Third Circuit L.A.R. 27.4 and I.O.P. 10.6.