UNITED STATES of America,

v.

Colbert THOMPSON, Appellant.

No. 03–2606.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit
LAR 34.1(a) Jan. 12, 2004.

Decided Jan. 15, 2004.

Bonnie R. Schlueter, Office of United States Attorney, Pittsburgh, PA, for Appellee.

Colbert Thompson, Belmont Correctional Institute, St. Clairsville, OH, for Appellant.

Before SLOVITER, RENDELL and ALDISERT, Circuit Judges.

*OPINION OF THE COURT*

SLOVITER, Circuit Judge.

Colbert Thompson pled guilty to the sale of 2.7 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C), and was sentenced to a prison term of 151 months to be followed by a 3–year term of supervised release. He appeals from the judgment of sentence and challenges the District Court's refusal to downwardly depart. The parties are fully aware of the background facts so we need only refer to those that are necessary for our discussion.

We begin with the calculation of Thompson's score under the Sentencing Guidelines. Thompson's criminal history was calculated to be at Category VI, pursuant to USSG § 4B1.1(b). The offense to which he pled guilty, sale of 2.7 grams of cocaine base, called for an offense level of 20. Thompson was entitled to a 2–level reduc-

tion for accepting responsibility and a 1–level reduction for timely notification of intent to plead guilty. This would have led to a Guideline score of 17, and the resulting sentencing range of 47 to 51 months. However, Thompson was categorized as a career criminal which raised his sentencing guideline score to 29, requiring a sentence of 151 to 188 months.

Thompson's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Under *Anders*, if counsel is convinced after conscientious investigation that the appeal is frivolous, counsel may properly ask to withdraw. *Id.* at 741. *Anders* also requires that counsel's brief cite any matters that may be arguably appealable. *Id.* at 741; *United States v. Tannis*, 942 F.2d 196, 197 (3d Cir.1991).

Thompson received a copy of his defense counsel's brief, and was given time to raise any non-frivolous arguments in a *pro se* brief. *Anders*, 386 U.S. at 744; 3d Cir. R. 109.2(a). However, Thompson has not filed a *pro se* brief in support of his appeal.

■ In this case, Thompson's counsel, although candidly recognizing, as he must, this court's precedent holding that we do not have jurisdiction to review a district court's exercise of its discretion to refuse to depart downward, makes a strong argument that Thompson's designation as a career criminal significantly overrepresents Thompson's criminal record. A defendant is a career criminal under § 4B1.1 of the Sentencing Guidelines if the instant offense is a controlled substance offense and if the defendant has two prior felony convictions of either a crime of violence or a controlled substance offense. Thompson argues that one of his two prior offenses qualifying as a prior offense for career criminal status was a simple assault plea which was classified as a misdemeanor in Pennsylvania and for which Thompson re-

ceived a probationary sentence. Counsel concedes, however, that because that offense had a potential sentence in excess of 12 months, it qualified by definition as a second felony offense. Indeed, we have previously held that a Pennsylvania simple assault conviction qualifies as a crime of violence under U.S.S.G. § 4B1.1, for purposes of career criminal designation. *United States v. Dorsey*, 174 F.3d 331, 332–33 (3d Cir.1999). Because Thompson was also previously convicted of possession of 29 rocks of cocaine base with the intent to distribute, an unquestionable controlled substance offense, there was no error in his designation as a career criminal.

The District Court recognized that it had the discretion to depart downward as requested by Thompson. The court carefully reviewed and discussed Thompson's prior record and this court's applicable precedent. In ruling on Thompson's motion to depart, the court stated:

> However, in light of the background which I have just laid out, it is my view that the—that in light of this Defendant's history of violent behavior, recidivism, and drug-related activity, that in this particular case the Defendant's criminal history category is not over-represented—rather, does not over-represent the seriousness of the Defendant's past conduct and future threat to society, much less significantly over-represent it, as is required by United States versus Shoupe.
>
> So for the foregoing reasons, the motion for downward departure is denied.

App. at 34.

■ The Government challenges this court's jurisdiction to review Thompson's appeal from the District Court's discretionary denial of the requested downward departure. The Government's argument is persuasive and is fully supported by the

precedent established by this court and the Supreme Court. We first held in *United States v. Denardi,* 892 F.2d 269, 271–72 (3d Cir.1989), that this court may review a district court's denial of a downward departure pursuant to 18 U.S.C. § 3742(a) where the district court was unaware of its authority to grant the departure or where the district court incorrectly applied the guidelines. This is not such a case. As is evident from the above quotation from the sentencing hearing, the District Court was aware of its authority to depart. Because the District Court's analysis illustrates its awareness of its authority to grant a motion for downward departure based on its discretion, we are without appellate jurisdiction. *See United States v. Ruiz,* 536 U.S. 622, 627–28, 122 S.Ct. 2450, 153 L.Ed.2d 586 (2002).

For the reasons set forth, we will dismiss Thompson's appeal.