**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1543
_____

UNITED STATES OF AMERICA

v.

DEPREME T. SAPP
a/k/a Dupreme T. Sapp

Depreme T. Sapp, Appellant

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Criminal Action No. 1-98-cr-00031-001)
District Judge:  Sue L. Robinson

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 22, 2012

Before:  SCIRICA, GREENAWAY, JR., AND VAN ANTWERPEN, Circuit Judges

(Opinion filed: August 22, 2012)
_____

OPINION
_____

PER CURIAM

Depreme T. Sapp, proceeding pro se, appeals from the District Court's order

denying his motion for a sentence reduction.  For the reasons that follow, we will affirm.

1

I.     Background

In 1998, Sapp pleaded guilty to conspiracy to possess with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. §§ 841(a)(1),(b)(1)(A) and 846. In light of his criminal history, he was sentenced as a career offender under § 4B1.1 of the Sentencing Guidelines. As a career offender, Sapp had a criminal history category of VI, and after an adjustment based on acceptance of responsibility, he had a total offense level of 34, higher than his offense level would have been had it been based on drug quantity. See U.S.S.G. § 4B1.1(b) ("if the offense level for a career offender . . . is greater than the offense level otherwise applicable, the offense level [for a career offender] shall apply."). The District Court sentenced him to a term of 262 months of imprisonment, within the guideline range of 262-to-327 months. See U.S.S.G. Sentencing Table, Ch. 5, Pt. A.[1]

In 2010, Sapp filed a pro se motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). He argued that his sentence should be reduced based on Spears v. United States, 555 U.S. 261 (2009), and Amendment 750 to the Sentencing Guidelines.[2] An Assistant Federal Public Defender was then appointed to determine whether Sapp

---

[1] In 2008, Sapp filed a pro se motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2), asserting that Amendment 706 to the Sentencing Guidelines reduced his guideline range. The District Court denied the motion.

[2] Sapp requested a reduction in sentence based on the Fair Sentencing Act of 2010. Amendment 750, which took effect on November 1, 2011, re-promulgated as permanent a temporary amendment that implemented the Fair Sentencing Act of 2010. See U.S. Sentencing Guidelines Manual app. C, vol. III, Amend. 750.

might qualify for a reduction of sentence. Sapp's appointed counsel determined, however, that Sapp was not eligible for a reduction of sentence and filed a motion to withdraw as counsel. The District Court granted counsel's motion to withdraw and denied the motion for reduction of sentence. Sapp timely appealed. In his brief in support of his appeal, Sapp argues that he should be resentenced based on Spears and Amendment 750, and he contends that U.S.S.G. § 1B1.10 is unconstitutional.

II.     Discussion

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review a district court's interpretation of the Sentencing Guidelines de novo. United States v. Mateo, 560 F.3d 152, 154 (3d Cir. 2009). We review a district court's ultimate decision to deny a motion pursuant to § 3582(c) for abuse of discretion. Id.

To be eligible for a reduction in sentence, a defendant must have "been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(2). Thus, a reduction in sentence pursuant to § 3582(c)(2) is available only if a Guidelines amendment has "the *effect* of lowering the sentencing range actually used at sentencing." United States v. Thompson, 682 F.3d 285, 287 (3d Cir. 2012) (quoting Mateo, 560 F.3d at 155) (emphasis in original). Amendment 750, which lowered the base offense levels for certain quantities of crack cocaine in U.S.S.G. § 2D1.1, would not lower Sapp's base level and subsequent sentencing range. This is so because Sapp's base level and sentencing range were actually based on his career offender status, not on his crack cocaine quantity levels.

3

See U.S.S.G. § 4B1.1(b); Thompson, 682 F.3d at 287.

Sapp is also not eligible for a sentence reduction under Spears. The Court in Spears concluded "that district courts are entitled to reject and vary categorically from the crack-cocaine Guidelines based on a policy disagreement with those Guidelines." 555 U.S. at 265-66. However, employing a lower crack-to-powder ratio under Spears would have no effect on Sapp's base offense level or sentencing range, as he was sentenced based on the career offender guideline, not via the guidelines based on drug quantity. Moreover, even if Sapp qualified for a sentence reduction under § 3582(c)(2), he would not be entitled to a full-scale resentencing where the court might depart pursuant to Spears. See Dillon v. United States, 130 S. Ct. 2683, 2694 (2010) (emphasizing the narrowness of the § 3582(c)(2) proceeding). Accordingly, the District Court did not abuse its discretion in determining that Sapp could not benefit from Spears. See Thompson, 682 F.3d at 288.

Finally, Sapp argues that U.S.S.G. § 1B1.10 is unconstitutional because its mandatory provisions violate Article III of the United States Constitution by preventing a court from exercising its discretion under 18 U.S.C. § 3582(c)(2). As the Government observes, Sapp did not make this argument in the District Court, so our review might be limited to plain-error review. See, e.g., United States v. Vazquez, 271 F.3d 93, 99 (3d Cir. 2001) (en banc). But there is no error at all, plain or otherwise.

Sapp takes particular issue with the following section of § 1B1.10:

> In determining whether, and to what extent, a reduction in the

4

> defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement is warranted, the court *shall* determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced. In making such determination, the court *shall* substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and *shall* leave all other guideline application decisions unaffected.

U.S.S.G. § 1B1.10(b)(1) (emphasis added).  Sapp contends that the use of "shall" in the policy statement prevents a court from exercising the discretion provided to it by Congress to reduce a sentence under 18 U.S.C. § 3582(c)(2).  We perceive no flouting of Congressional intent, however, as the language of § 3582(c)(2) itself explicitly cabins a court's discretion by requiring it to follow the "applicable policy statements" of the Sentencing Commission.  Furthermore, to the extent that Sapp's argument is that Congress may not limit a sentencing court's ability to exercise its own discretion in any way and at any point, even long after the original sentence becomes final, he recognizes, as he must, that Supreme Court precedent holds otherwise.  See Notice of Appeal, 4-5; see also Dillon, 130 S. Ct. at 2692 ("proceedings under § 3582(c)(2) do not implicate the Sixth Amendment right to have essential facts found by a jury").

For the reasons stated above, we will affirm the District Court's order.