CLD-257                                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1631
_____

UNITED STATES OF AMERICA

v.

FERNANDO PEÑA, a/k/a MAJESTIC

Fernando Pena,
                    Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Crim. No. 2-03-cr-00487-009)
District Judge:  Honorable John R. Padova

_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect or
for Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6

August 16, 2012
Before:  RENDELL, HARDIMAN AND COWEN, Circuit Judges

(Opinion filed: September 6, 2012)
_____

OPINION
_____

PER CURIAM

       Fernando Peña, proceeding pro se, appeals from orders of the District Court

denying his motion to reduce sentence and motion for reconsideration.  For the reasons

that follow, we will summarily affirm.

In 2004, a jury convicted Peña of one count of conspiracy to distribute cocaine base. At sentencing, the District Court found that the quantity of drugs involved in Peña's offense was 1.5 kilograms. Applying the Sentencing Guidelines then in effect, the District Court determined that Peña's base offense level was 38. The court added two levels for Peña's leadership role in the criminal organization and another two levels for his possession of a firearm in connection with the offense, resulting in a total offense level of 42. Applying a criminal history category of VI, his sentencing range was 360 months to life in prison. The District Court varied downward and sentenced Peña to 260 months in prison. We affirmed. United States v. Keyes, 214 F. App'x 145, 155 (3d Cir. 2007).

In 2009, Peña filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2), asserting that Amendment 706 to the Sentencing Guidelines lowered his total offense level. The District Court denied the motion, concluding that Peña's sentencing range would remain at 360 months to life even though his total offense level would be reduced to 40 under the amendment. We affirmed this decision by order (docketed in C.A. No. 09-2444).

In 2011, Peña filed another motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). He argued that he was eligible for a reduction under Amendment 750. The

District Court denied the motion, concluding that application of the amendment would not lower Peña's sentencing range. Peña's motion for reconsideration was denied, and this appeal followed.

We begin with a question of appellate jurisdiction. The order denying Peña's motion to reduce sentence was entered on January 23, 2012. He had 14 days, or until February 6, 2012, to file a notice of appeal. See Fed. R. App. P. 4(b)(1). Peña filed his notice of appeal on February 23, 2012,[1] more than two weeks late. He has not alleged any delay on behalf of the prison in transmitting the District Court's order that might be excluded from the time it took him to file his notice of appeal. Accordingly, his notice of appeal is untimely. Nonetheless, we will review the merits of this appeal because the 14-day period for appeals in a criminal case is non-jurisdictional, see Virgin Islands v. Martinez, 620 F.3d 321, 328-29 (3d Cir. 2010), and the Government has not pressed the timeliness issue in this case.

We review a district court's interpretation of the Sentencing Guidelines de novo. United States v. Mateo, 560 F.3d 152, 154 (3d Cir. 2009). We review a district court's ultimate decision to deny a motion pursuant to § 3582(c)(2) for abuse of discretion. Id. Under § 3582(c), a court may reduce a term of imprisonment when a defendant was sentenced "based on a sentencing range that has subsequently been lowered by the

---

[1] We apply the prison mailbox rule, Houston v. Lack, 487 U.S. 266, 270-72 (1988), and credit Peña's sworn statement that he gave his notice of appeal to prison staff on February 23, 2012.

3

Sentencing Commission."  18 U.S.C. § 3582(c)(2).  "That means . . . that a § 3582(c)(2) reduction is available only if the Guidelines amendment has 'the *effect* of lowering the sentencing range actually used at sentencing.'"  United States v. Thompson, 682 F.3d 285, 287 (3d Cir. 2012) (quoting Mateo, 560 F.3d at 155).  Amendment 750 re-promulgates as permanent a temporary amendment that implemented the Fair Sentencing Act of 2010 and revised the cocaine base quantity levels in the Drug Quantity Table in § 2D1.1 of the Sentencing Guidelines.  See U.S. Sentencing Guidelines Manual app. C, vol. III, Amend. 750 (2011).  If Amendment 750 has the effect of lowering a defendant's sentencing range, a court may reduce the term of imprisonment pursuant to § 3582(c).  See U.S.  Sentencing Guidelines Manual §1B1.10(a), (c) (2011).

The District Court did not abuse its discretion in denying Peña's motion pursuant to § 3582(c)(2) because Amendment 750 does not lower his sentencing range.  At sentencing, the District Court determined that Peña's crime involved 1.5 kilograms of cocaine base, that his base offense level was 38, that his total offense level was 42, and that, at a criminal history category of VI, his sentence range was 360 months to life.  Under § 2D1.1(c), as amended, a crime involving at least 840 grams but less than 2.8 kilograms of cocaine base has a base offense level of 34.  Applying the four-level enhancement, Peña's total offense level would be 38, which, at a criminal history category of VI, results in a sentencing range of 360 months to life.  This is the same range used when Peña was originally sentenced.  Because Amendment 750 does not have "the

4

*effect* of lowering the sentencing range actually used at sentencing," <u>Thompson</u>, 682 F.3d at 287, Peña is not entitled to a reduction in sentence. The District also did not abuse its discretion in denying Peña's motion for reconsideration because he failed to identify any error in the court's analysis. <u>See</u> <u>Lazaridis v. Wehmer</u>, 591 F.3d 666, 669 (3d Cir. 2010).

There being no substantial question presented by this appeal, we will summarily affirm the District Court's orders. <u>See</u> 3d Cir. L.A.R. 27.4; I.O.P. 10.6.