BLD-258                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1768
_____

UNITED STATES OF AMERICA

v.

GREGORY WOODS,
                            Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Crim. No. 06-cr-00063-001)
District Judge: A. Richard Caputo

_____

Submitted on a Motion for Summary Affirmance
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 16, 2012

Before:  SCIRICA, SMITH and CHAGARES, Circuit Judges

(Opinion filed: October 3, 2012)

_____

OPINION
_____

PER CURIAM

        Appellant Gregory Woods appeals an order of the District Court denying his

motion for a reduction in sentence, 18 U.S.C.§ 3582(c).  For the reasons that follow, we

will summarily affirm.

Woods was convicted in the United States District Court for the Middle District of Pennsylvania pursuant to a plea of guilty for violating 21 U.S.C. § 841(a)(1) (possession with intent to distribute crack cocaine and cocaine), and (b)(1)(C) (providing for maximum sentence of 20 years). The plea agreement was binding and provided for a sentence of 144 months' imprisonment, see Fed. R. Crim. Pro. 11(c)(1)(C) ("the plea agreement may specify that an attorney for the government will: * * * agree that a specific sentence or sentencing range is the appropriate disposition of the case"). See Plea Agreement, at ¶¶ 1A, 8.

On December 1, 2009, the District Court sentenced Woods to the 144-month term provided for in the plea agreement. Woods was also sentenced to a three-year term of supervised release. The District Court adopted the presentence investigation report without change, and explained that it was imposing a sentence below the advisory guidelines range because it had accepted the binding plea agreement. The District Court found that the sentence of 144 months was reasonable in view of the considerations expressed in 18 U.S.C. § 3553(a), which, in Wood's case, involved balancing his difficult upbringing with the seriousness of his offense and the seriousness of his criminal history. See N.T., 11/30/09, at 17. Woods moved to withdraw his plea; the motion was denied, and, on appeal, we affirmed, see United States v. Woods, 415 Fed. App. 371 (3d Cir. 2010).

On February 1, 2012, Woods filed a pro se motion for reduction of sentence, 18 U.S.C. § 3582(c)(2), based on the Guidelines amendment that retroactively lowered the base offense level for crack cocaine offenses. In this motion Woods noted that he had not

2

been sentenced as a career offender, see U.S.S.G. § 4B1.1,[1] and he argued that the District Court had the authority to lower his sentence under United States v. Freeman, 131 S. Ct. 2685 (U.S. 2011) (defendants who enter into plea agreements recommending particular sentence may still be eligible for reduction under section 3582(c)(2)). In concluding, Woods argued that he should receive a sentence of 120 months. The District Court appointed the Federal Public Defender to represent Woods, but appointed counsel concluded that Woods was ineligible for a reduction and filed a motion to withdraw, which the District Court granted.

In an order entered on March 5, 2012, the District Court denied Woods' section 3582(c)(2) motion for a reduction in sentence. In a form order, the court stated its reasons, noting that Woods' previous total offense level (under the crack cocaine guidelines) was 34 and his criminal history category was VI, but he could not be sentenced above the statutory maximum of 240 months because of his guilty plea.[2] Under the crack cocaine amendment, his total offense level was 32, and with a criminal history category of VI, his amended Guidelines range was 210 – 240 months. Woods was sentenced pursuant to the binding plea agreement to 144 months, a sentence well

---

[1] See generally United States v. Thompson, 682 F.3d 285 (3d Cir. 2012) (reaffirming holding in United States v. Mateo, 560 F.3d 152 (3d Cir. 2009), that crack cocaine offender sentenced as career offender is not eligible for sentence reduction based on amendment to crack cocaine guideline). Although Woods qualified for treatment as a career offender under U.S.S.G. § 4B1.1 in that he has at least two prior felony controlled substance convictions, his Guidelines range was not calculated under the career offender guideline.

[2] In Woods' case, the plea agreement references the statutory maximum of 20 years as the original Guidelines range because he pleaded guilty to violating 21 U.S.C. § 841(b)(1)(C), and because the original guidelines range of 262-327 months exceeded the statutory maximum for that provision.

below the amended Guidelines range. Accordingly, Woods did not qualify for a sentence reduction.

Woods appeals. We have jurisdiction under 28 U.S.C. § 1291. After Woods filed an Informal Brief, the Government filed a motion to summarily affirm. Woods has submitted a response in opposition to summary affirmance. In his Informal Brief, Woods argues that, under Freeman, the District Court had the authority to give him a reduction based on the crack cocaine amendment even in view of his Rule 11(c)(1)(C) binding plea. In his response in opposition to summary affirmance, Woods points out that his original sentence was not based on the career offender guideline.

We will grant the Government's motion and summarily affirm the order of the District Court because no substantial question is presented by this appeal, Third Circuit LAR 27.4 and I.O.P. 10.6. Section 3582(c)(2) of title 18 authorizes a district court to reduce a term of imprisonment in the case of a defendant who has been sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). A sentence may be reduced under section 3582(c)(2) if "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Id. The question of whether a defendant is eligible for a sentence reduction under section 3582(c) is a legal question and is subject to de novo review. United States v. Sanchez, 562 F.3d 275, 277 (3d Cir. 2009).

We see no basis here for concluding that the District Court erred in denying Woods' section 3582(c)(2) motion. Woods ultimately was sentenced pursuant to a binding plea agreement, but the crack cocaine guideline plainly informed the process of arriving at the bargained-for sentence of 144 months, and the District Court's decision

4

whether to accept the recommendation for the sentence. In denying Woods' section 3582(c)(2) motion, the District Court recalculated the total offense level under the crack cocaine guideline and determined that the amended Guidelines range would be 210 to 240 months. Although the amended Guidelines range would have permitted a sentence lower than the original Guidelines range/statutory maximum of 240 months, the Sentencing Commission has directed that "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range." U.S.S.B. § 1B1.10(b)(2)(A) (November 1, 2011).[3] Since Woods' actual sentence of 144 months, as negotiated for in the binding plea agreement, was already 66 months below the minimum of the amended Guidelines range, the District Court clearly did not commit legal error in determining that Woods was ineligible for a lower sentence of 120 months.

Woods' reliance on Freeman is misplaced. The question in Freeman was whether a sentence imposed pursuant to a Rule 11(c)(1)(C) plea agreement can be "based on" a sentencing range within the meaning of section 3582(c)(2) so as to permit a reduction in sentence. Justice Kennedy, writing for the plurality, delivered the judgment of the Supreme Court that a defendant can be eligible for such relief because a sentence imposed pursuant to a binding Rule 11(c)(1)(C) agreement is still "based on" a guidelines range. Freeman, 131 S. Ct. at 2692-93.[4] We do not understand the District Court in

---

[3] If the term of imprisonment imposed was less than the term provided for by the guideline range because of a motion to reflect the defendant's substantial assistance, then "a reduction comparably less than the amended guideline range … may be appropriate," id. at § 1B1.10(b)(2)(B). This exception is not applicable in Woods' case because no such motion to reflect substantial assistance was filed.

[4] In her concurrence, Justice Sotomayor took the narrower view that the term of imprisonment imposed by a district court pursuant to a Rule 11(c)(1)(C) agreement is

5

Woods' case to have concluded that it lacked authority to award Woods' a section 3582(c)(2) reduction because of the binding plea agreement. On the contrary, the District Court clearly performed the recalculation under the crack cocaine guideline.

For the foregoing reasons, we will grant the Government's motion and summarily affirm the order of the District Court denying the section 3582(c)(2) motion for a reduction of sentence.

---

based on the agreement itself, and not on the district court's calculation under the Guidelines, but she concurred in the judgment because Freeman's plea agreement stated that his sentence would be determined pursuant to the Guidelines and recommended a sentence that was based on the figure at the bottom end of his Guidelines range. Id. at 2695-96, 2699-2700 (Sotomayor, J., concurring).