**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2214
_____

UNITED STATES OF AMERICA

v.

JOSE LAUSELL-GONZALES, a/k/a Orlando,
Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. No. 2-07-cr-00442-001)
District Judge:  Honorable Legrome D. Davis

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 1, 2013

Before:  RENDELL, FISHER and GARTH, Circuit Judges

(Opinion filed: April 1, 2013)
_____

OPINION
_____

PER CURIAM

　　Jose Lausell-Gonzales, a federal prisoner proceeding pro so, appeals from the

order of the United States District Court for the Eastern District of Pennsylvania denying

his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2).  We will affirm.

I.

In 2009, Lausell-Gonzales pleaded guilty to conspiracy to distribute cocaine and cocaine base ("crack"); distribution of cocaine and crack; and possession with intent to distribute cocaine, crack, and marijuana. Because he had prior felony drug convictions, he qualified as a career offender under § 4B1.1 of the United States Sentencing Guidelines. His total offense level of 34 and criminal history category of VI produced a Guidelines range of between 262 and 327 months' imprisonment. Additionally, pursuant to 21 U.S.C. § 841(b)(1)(A), his prior drug convictions resulted in a mandatory minimum sentence of 20 years in prison. The District Court varied from the Guidelines range and sentenced Lausell-Gonzales to the mandatory minimum of 20 years.

In 2012, Lausell-Gonzales moved for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2), invoking the Fair Sentencing Act of 2010 ( "FSA") and Amendment 750 to the Sentencing Guidelines, which retroactively reduced the crack-related offense levels contained in § 2D1.1 of the Guidelines. See United States v. Berberena, 694 F.3d 514, 517-18 (3d Cir. 2012). The District Court denied Lausell-Gonzales's motion, explaining that he cannot benefit from the FSA because he was sentenced prior to the Act's effective date, or from Amendment 750 because he was sentenced to a mandatory minimum below the Guidelines range. Lausell-Gonzales timely filed this appeal.

II.

We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's interpretation of the Sentencing Guidelines de novo. United States v. Sanchez, 562 F.3d

2

275, 277-78 (3d Cir. 2009). We review the District Court's denial of a § 3582 motion for an abuse of discretion. United States v. Mateo, 560 F.3d 152, 154 & n.2 (3d Cir. 2009).

## III.

On appeal, Lausell-Gonzales argues that the District Court erred in concluding that the FSA is not retroactively applicable to defendants who were sentenced prior to the Act's effective date. He is mistaken. The FSA applies to defendants who were sentenced on or after the Act's effective date of August 3, 2010. United States v. Dixon, 648 F.3d 195, 203 (3d Cir. 2011). Because Lausell-Gonzales was sentenced over one year earlier, on May 19, 2009, he cannot benefit from the FSA. In addition, he is not eligible for a reduction of sentence based on Amendment 750. In order to be eligible for a reduction of sentence based on an amendment to the Guidelines, Lausell-Gonzales must have "been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered" by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Here, the District Court varied downward from the Guidelines range of between 262 and 327 months and sentenced Lausell-Gonzales to the mandatory minimum of 20 years. His sentence was therefore not "based on" the Guidelines range. See United States v. Thompson, 682 F.3d 285, 290 (3d Cir. 2012). Moreover, the range was derived from §4B1.1 for career offenders, which was not altered by Amendment 705. See Mateo, 560 F.3d at 155.

## IV.

For the foregoing reasons, we will affirm the judgment of the District Court.

3