NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1872
_____

UNITED STATES OF AMERICA

v.

AARON AGNEW,

Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1-02-cr-00055-001)
District Judge:  Honorable William W. Caldwell
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 31, 2013

Before:  McKEE, *Chief Judge*, FISHER and SLOVITER, *Circuit Judges*.

(Filed: November 8, 2013)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Defendant Aaron Agnew appeals from an order entered by the United States

District Court for the Middle District of Pennsylvania denying a motion for sentence

reduction under 18 U.S.C.§ 3582(c)(2).  We will affirm.

I.

We write principally for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts that are necessary to our analysis.

On September 13, 2002, a jury found Agnew guilty of distribution and possession with intent to distribute in excess of fifty grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The Probation Office prepared a Presentence Investigation Report ("PSR") assigning Agnew a base offense level of 38, pursuant to U.S.S.G. § 2D1.1, which provides for a base offense level of 38 when the amount of crack cocaine involved is 1.5 kilograms or more.[1] It then added two levels each for possession of a firearm and obstruction of justice, arriving at an adjusted offense level of 42. The PSR then noted that Agnew had two prior relevant felony convictions and was thus a career offender pursuant to U.S.S.G. § 4B1.1. It calculated his career offender offense level at 37. Because the career offender table required the Probation Office to apply the greater of the career offender offense level and the offense level otherwise applicable, the Probation Office applied Agnew's adjusted offense level of 42. Based on

---

[1] The PSR used the 2002 edition of the Guidelines Manual—the version in effect at the time of Agnew's conviction—to calculate Agnew's Guidelines range. That is the edition used in this opinion.

those calculations, the PSR assigned a total offense level of 42 and placed him in criminal history category VI, resulting in a Guidelines range of 360 months to life.

The District Court found that the PSR overstated the seriousness of Agnew's offense and criminal history and made a downward departure to criminal history category V and offense level 36. The District Court then imposed a 300-month term of incarceration. On direct appeal, we affirmed Agnew's conviction, but remanded to the District Court for resentencing in light of the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005). On remand, Agnew argued that consideration of the sentencing factors set forth in 18 U.S.C. § 3553(a), as well as the disparity of sentences for crack cocaine offenses versus powder cocaine offenses, provided a basis for a substantial variance below the original 300-month sentence. The District Court agreed and reduced Agnew's sentence from 300 months to 210 months.

In 2007, the United States Sentencing Commission (the "Commission") amended the crack cocaine Sentencing Guidelines to reduce the base offense level for crack cocaine offenses by two levels. U.S.S.G., App. C, Amend. 706 (Nov. 1, 2007). The Commission later stated that the amendment would apply retroactively. U.S.S.G., App. C, Amend. 713 (May 1, 2008). On September 25, 2008, Agnew filed a motion for a sentence reduction, requesting that the District Court recalculate his Guidelines range to account for the retroactive application of the Commission's recent amendment. The

3

District Court denied Agnew's motion on December 29, 2008, on the ground that his applicable Guidelines range was unaffected by the amendment.

On August 3, 2010, the Fair Sentencing Act of 2010 ("FSA") was signed into law. Pub. L. No. 111-220, 124 Stat. 2372 (2010). It reduced the disparity between the amount of crack cocaine and powder cocaine necessary to trigger certain federal criminal penalties. The Commission determined that the amendments would apply retroactively. U.S.S.G., App. C, Amends. 750, 759 (Nov. 1, 2011). In light of the FSA, Agnew filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) on February 7, 2012. The District Court denied Agnew's motion on April 20, 2012, concluding that the FSA amendment did not apply to the Guidelines range for career offenders.

Agnew filed a notice of appeal on March 25, 2013.[2]

## II.

The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291.

We review a district court's interpretation of the Sentencing Guidelines *de novo*. *United States v. Mateo*, 560 F.3d 152, 154 (3d Cir. 2009). Our review of a district court's decision whether to grant or deny a defendant's motion to reduce sentence under § 3582(c)(2) is for abuse of discretion. *Id.*; *see also United States v. Ware*, 694 F.3d 527, 531 (3d Cir. 2012).

---

[2] The government recognizes that Agnew's appeal was not filed timely, but has chosen to forego a challenge on that ground.

III.

A.

Agnew argues, for issue preservation only, that the District Court erred in denying his motion to reduce his sentence pursuant to § 3582(c)(2) because the FSA is retroactively available to all defendants sentenced before its effective date, regardless of career offender status. We disagree.

To be eligible for a reduction in sentence under § 3582(c)(2), a defendant must have been sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); *see also Mateo,* 560 F.3d at 154. Thus, relief pursuant to § 3582(c)(2) is available only if the Commission's amendments have "the effect of lowering the sentencing range actually used at sentencing." *United States v. Thompson*, 682 F.3d 285, 287 (3d Cir. 2012) (emphasis omitted) (quoting *Mateo*, 560 F.3d at 155) (internal quotation marks omitted).

The District Court did not abuse its discretion in denying Agnew's motion for a reduction in his sentence. As Agnew concedes, *Mateo* and *Thompson* are controlling. The crack cocaine amendments only affect the calculation of sentencing ranges under §2D1.1(c), and "the lowering of the base offense level under § 2D1.1(c) has no effect on the application of the career offender offense level required by § 4B1.1." *Mateo*, 560 F.3d at 155. Here, Agnew's Guidelines range was derived from § 4B1.1 because of his status as a career offender. Accordingly, Agnew is ineligible for a reduction under

5

§ 3582(c)(2). *See id.* at 156 ("Because the crack cocaine amendments do not lower [a career offender's] sentencing range, the District Court did not err in denying [the] motion to reduce sentence."); *see also Thompson*, 682 F.3d at 291 ("*Mateo* . . . remains binding on this panel, and it requires that we affirm the District Court's denial of § 3582(c)(2) relief.").

IV.

For the reasons set forth above, we will affirm the order of the District Court.

6