Amended DLD-069                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3172
_____

UNITED STATES OF AMERICA

v.

JAMES COLE,
                              Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 2-91-cr-00570-002)
District Judge:  Honorable Eduardo C. Robreno

_____

Submitted for Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P.
10.6 and/or for a Certificate of Appealability Pursuant to 28 U.S.C. § 2253
December 16, 2015
Before:  CHAGARES, GREENAWAY, JR. and SLOVITER, Circuit Judges

(Opinion filed: December 31, 2015)
_____

OPINION*
_____

PER CURIAM

James Cole, a federal prisoner proceeding pro se, appeals from the District Court's

denial of his motion to "reopen" his previously withdrawn motion pursuant to 18 U.S.C.

_____
* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

§ 3582(c)(2), and his "motion to correct an otherwise illegal sentence," filed pursuant to Federal Rule of Criminal Procedure 35(a). Because the appeal does not present a substantial question, we will summarily affirm. See 3d Cir. L.A.R. 27.4 and I.O.P. 10.6.

Cole was convicted in 1993 of conspiring to distribute and to possess with the intent to distribute heroin and cocaine, in violation of 21 U.S.C. § 846; engaging in a continuing criminal enterprise ("CCE"), in violation of 21 U.S.C. § 848; and four counts of possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). Cole received a sentence of life imprisonment in accordance with the then-applicable Sentencing Guidelines after the District Court determined that Cole's total offense level was the same for either the conspiracy or the CCE conviction.

Cole's conviction and sentence precede a lengthy procedural history. In 1994, Cole filed a direct appeal; we affirmed. See C.A. No. 94-1311 (order entered on Jan. 9, 1995). He filed his first motion pursuant to 28 U.S.C. § 2255 in 1997. As a result, the District Court vacated Cole's conviction for conspiracy based on Rutledge v. United States, 517 U.S. 292, 307 (1996), which held that conspiracy was a lesser included offense of CCE. Cole's remaining convictions and life sentence remained intact, and we declined to issue a certificate of appealability. See C.A. 97-1619 (order entered on Dec. 24, 1997). Since then, Cole has continued to file post-conviction motions in the District Court.

Relevant to this appeal, in 2010, Cole filed a motion pursuant to 18 U.S.C. § 3582(c)(2), seeking to have his sentence reduced based on Amendment 505 to the

2

Sentencing Guidelines, which reduced the maximum base offense level for drug offenses to 38, eliminating the previously available base offense levels of 40 and 42.[1]  Before the District Court adjudicated his motion, however, Cole asked to withdraw it, stating that he wanted to first obtain assistance of counsel.  Accordingly, the District Court dismissed the motion without prejudice.  In 2013, Cole filed a pro se motion "to reopen" his § 3582(c)(2) motion from 2010.  However, Cole continued to file motions, which the District Court construed together as indicating Cole's desire to again voluntarily withdraw the pre-existing § 3582(c)(2) motion.  The District Court, therefore, once more dismissed the § 3582(c)(2) motion without prejudice.  On July 17, 2014, Cole yet again filed a motion "to re-open" his § 3582(c)(2) motion, which essentially repeats his request that he be resentenced under Amendment 505.  Most recently, in August 2015, Cole filed a motion to correct an illegal sentence for his conviction for conspiracy, relying upon Rule 35(a) of the Federal Rules of Criminal Procedure.

The District Court denied relief, determining that Cole was ineligible for relief under § 3582(c)(2), and that his August 2015 motion to correct an illegal sentence was meritless and moot.[2]  This appeal, in which Cole requests a remand for an evidentiary hearing on his § 3582 motion, followed.[3]

---

[1] Amendment 505 took effect on November 1, 1994, after Cole was sentenced.  The Sentencing Commission made Amendment 505 retroactive through Amendment 536.

[2] The District Court's order also denied various other motions and requests filed by Cole that the District Court characterized as unauthorized successive challenges to his conviction.  Cole specifies that he does not challenge those rulings on appeal.

Pursuant to § 3582(c)(2), a district court may reduce the sentence of a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  A district court may not reduce a sentence under § 3582(c)(2) if the change to the Sentencing Guidelines "does not have the effect of lowering the defendant's applicable guideline range."  U.S.S.G. § 1B1.10(a)(2); see also United States v. Thompson, 682 F.3d 285, 287 (3d Cir. 2012) ("[A] § 3582(c)(2) reduction is available only if the Guidelines amendment has 'the *effect* of lowering the sentencing range actually used at sentencing.'" (quoting United States v. Mateo, 560 F.3d 152, 155 (3d Cir. 2009)).

The District Court did not abuse its discretion in denying Cole § 3582(c)(2) relief because Amendment 505 does not lower his sentencing range.  At sentencing, the District Court determined that, for either the conspiracy conviction or the CCE conviction, Cole's total offense level was 46, and that, with a criminal history category of III, his sentencing range was life.  Specifically, in calculating the offense level for his CCE conviction, the District Court relied on § 2D1.5, which provides that the base offense level for a CCE conviction is the greater of: (1) four plus the offense level from § 2D1.1 applicable to the

---

[3] We have jurisdiction under 28 U.S.C. § 1291.  We may summarily affirm a judgment of the District Court on any basis supported by the record if the appeal does not raise a substantial question.  See 3d Cir. L.A.R. 27.4 and I.O.P. 10.6; see also Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).  We do not consider the District Court's denials of Cole's motions requesting relief pursuant to § 3582(c)(2) and Rule 35(a) as a "final order in a proceeding under section 2255."  28 U.S.C. § 2253(c)(1)(B).

underlying offense, or (2) 38.[4]  The District Court determined that Cole's crime involved not less than 852 kilograms of cocaine, resulting in a base offense level of 40 pursuant to the Drug Quantity Table outlined in § 2D1.1(c).  The District Court also applied the two-level enhancement for possession of a firearm pursuant to § 2D1.1(b)(1).  Pursuant to § 2D1.5, the District Court then applied the four-level enhancement applicable to a CCE conviction, for a total offense level of 46.

Amendment 505 operated to reduce Cole's base offense level under § 2D1.1(c) for drug quantity from 40 to 38.  Nevertheless, the two-level enhancement for possession of a firearm and four-level enhancement pursuant to the CCE guidelines would yield a total offense level of 44, which also corresponds to a Guidelines sentence of life imprisonment.  U.S.S.G. ch. 5, pt. A.  Therefore, although Amendment 505 reduced Cole's total offense level from 46 to 44, he was not eligible for a reduction in sentence because his total offense level and criminal history category still supported a sentence of life imprisonment.  See, e.g., Mateo, 560 F.3d at 155.  Accordingly, the District Court did not abuse its discretion in denying Cole's request for relief pursuant to § 3582(c)(2).

Nor did the District Court err in denying Cole's motion to correct an illegal sentence pursuant to Rule 35(a).  In his motion, Cole claimed that the District Court improperly imposed a life sentence for his conviction for conspiracy, and that he should

---

Accordingly, as Cole has limited his appeal to these rulings, Cole is not required to obtain a certificate of appealability.

[4] Section 2D1.5 has not been amended since Cole's sentencing.

be resentenced to 20 years on this count. As previously noted, however, Cole's conviction for conspiracy was vacated in 1997 as the result of his initial § 2255 motion. Moreover, the District Court correctly concluded that Cole's life sentence was and is supported by his conviction for CCE.

For the reasons given, we will summarily affirm the District Court's order.[5] Cole's request to hold this appeal in abeyance pending the disposition of his appeal to this Court in United States v. Cole, C.A. No. 15-1641, is denied.

---

[5] Cole's request for a remand for an evidentiary hearing is denied.