CLD-283                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1828
_____

UNITED STATES OF AMERICA

v.

RICARDO CALDERON,
Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 1-08-cr-00735-001)
District Judge:  Honorable Joseph E. Irenas
_____

Submitted for Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 13, 2012
Before:  RENDELL, HARDIMAN and COWEN, Circuit Judges

(Opinion filed: October 17, 2012)
_____

OPINION
_____

PER CURIAM

Ricardo Calderon, a federal prisoner proceeding pro se, appeals from the District

Court's dismissal of his motion requesting a reduction in sentence pursuant to 18 U.S.C.

§ 3582(c)(2).  There being no substantial question presented on appeal, we will grant the

Government's motion for summary action and affirm the decision of the District Court.

I.

In 2008, Calderon pleaded guilty to a charge of conspiracy to distribute five grams or more of cocaine base ("crack cocaine"). Both the plea agreement and the Presentence Investigation Report ("PSR") indicated that he was responsible for at least twenty but less than thirty-five grams of cocaine base. Under the Sentencing Guidelines then in effect, that drug quantity resulted in a base offense level of 26, subject to a two-point enhancement for obstruction of justice, for an adjusted offense level of 28. Calderon, however, agreed that he was a career offender under § 4B1.1 of the Sentencing Guidelines, resulting in a base offense level of 34. After an adjustment based on acceptance of responsibility, his total offense level was 31, higher than it would have been had it been based on drug quantity. See U.S.S.G. § 4B1.1(b) ("if the offense level for a career offender . . . is greater than the offense level otherwise applicable, the offense level [for a career offender] shall apply"). With a mandatory criminal history category of VI, Calderon faced a Guidelines range of 188 to 235 months imprisonment. The District Court sentenced him to a term of eighty-four months imprisonment, followed by five years of supervised release.

Three years later, Calderon filed a motion for reduction of his sentence, pursuant to 18 U.S.C. § 3582, in light of Amendment 750 to the Sentencing Guidelines. (Dkt. No. 42.) Relying on United States v. Forman, 553 F.3d 585, 588 (7th Cir. 2009), the District Court dismissed the motion for lack of subject matter jurisdiction because Calderon's sentence was based on the career offender guideline, and not on a sentencing range that

2

was subsequently lowered by the Sentencing Commission. (Dkt. No. 43.) Calderon timely appealed.

II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review a district court's interpretation of the Sentencing Guidelines de novo. United States v. Mateo, 560 F.3d 152, 154 (3d Cir. 2009). We review a district court's ultimate decision to deny a motion pursuant to § 3582(c) for abuse of discretion. Id.

To be eligible for a reduction in sentence, a defendant must have "been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The sentence must first be "based on" a Guidelines range, and, second, a Guidelines amendment must have the "effect of lowering" that Guidelines range. United States v. Thompson, 682 F.3d 285, 290 (3d Cir. 2012) (citing Freeman v. United States, 131 S. Ct. 2685, 2700 (2011) (Sotomayor, J., concurring)).

To conform to the Fair Sentencing Act of 2010, Amendment 750 lowered the base offense levels for crack cocaine quantities listed in U.S.S.G. § 2D1.1. However, as a career offender, Calderon's offense level and Guidelines range were based on the application of U.S.S.G. § 4B1.1. Because Calderon was not sentenced based on a range that was subsequently lowered by the Commission, he was not eligible for a reduction

3

under § 3582(c)(2).  See Mateo, 560 F.3d at 154-55.  The District Court did not abuse its discretion in dismissing Calderon's motion.[1]

### III.

There being no substantial question presented on appeal, we grant the Government's motion and will summarily affirm the District Court's order.  3d Cir. LAR 27.4 and I.O.P. 10.6.

---

[1] We have also considered Calderon's reliance on Freeman, 131 S. Ct. at 2695, in support of his motion.  That case is inapplicable because, while Calderon entered into a plea agreement, the parties did not agree on a sentence pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).