**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2558
_____

UNITED STATES OF AMERICA

v.

ORUSTU B. BROWN, a/k/a TJ

ORUSTU B. BROWN,
                                        Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Crim. No. 02-cr-00236-001)
District Judge:  Honorable Sylvia H. Rambo

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 19, 2012

Before:  AMBRO, HARDIMAN and ROTH, Circuit Judges

(Opinion filed: December 6, 2012)
_____

OPINION
_____

PER CURIAM

    Orustu B. Brown appeals pro se from the District Court's orders denying his

motions for a sentence reduction under 18 U.S.C. § 3582(c)(2) and for reconsideration of

that ruling.  We will affirm.

I.

In 2002, Brown pleaded guilty to one charge of possession with intent to distribute five grams or more of crack cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii) (2002 version). The 10.8 grams of crack cocaine at issue produced a base Sentencing Guidelines offense level of 26. Because Brown is a career offender, however, his offense level increased to 34. Following a three-point downward adjustment for acceptance of responsibility, Brown's offense level of 31 and his criminal history category of VI produced a Guidelines range of 188 to 235 months of imprisonment. The District Court sentenced him to 188 months.

At issue here is Brown's motion for a reduction in sentence under § 3582(c)(2). In his motion, Brown sought a reduction in light of Sentencing Guidelines Amendment 750, which "reduced the crack-related offense levels in § 2D1.1 of the Guidelines." United States v. Berberena, Nos. 11-4540 & 12-1103, — F.3d —, 2012 WL 3937666, at *1 (3d Cir. Sept. 11, 2012). Brown did not request any specific reduction or explain how he believed Amendment 750 affected his Guidelines range. By order entered April 30, 2012, the District Court denied the motion without explanation. Brown then filed a motion for reconsideration repeating his request for an unspecified reduction and raising for the first time the arguments addressed below. The District Court denied that motion by order entered May 14, 2012. In doing so, the District Court explained that application of Amendment 750 would not change Brown's sentencing range because, although it would reduce his base offense level from 26 to 18, his total offense level would remain

2

31 because of his status as a career offender, and his sentencing range would thus remain 188 to 235 months of imprisonment even if Amendment 750 were applied. Brown appeals pro se.[1]

## II.

Brown's request for a sentence reduction is squarely foreclosed by our existing precedent. A sentence reduction under § 3582(c)(2) is available only if, inter alia, the defendant was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]" § 3582(c)(2); see also United States v. Thompson, 682 F.3d 285, 287 (3d Cir. 2012). As we held before Brown filed his motion, this language permits a reduction on the basis of a Guidelines amendment only if the amendment "ha[s] the effect of lowering the sentencing range actually used at sentencing." United States v. Mateo, 560 F.3d 152, 155 (3d Cir. 2009) (quotation marks omitted). The amendment at issue in Mateo did not do so because the defendant's offense level was determined by his career offender status, not by the lower base offense level dictated by crack cocaine quantity, and his sentencing range thus remained the same even with application of the amendment. See id. at 154-55. The same is true in this case. Indeed, Brown's sentencing range of 188 to 235 months of

---

[1] We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's denial of a § 3582(c)(2) motion for abuse of discretion, though we review underlying legal issues de novo. See Berberena, 2012 WL 3937666, at *3 n.7. We review the denial of reconsideration for abuse of discretion as well. See United States v. Dupree, 617 F.3d 724, 732 (3d Cir. 2010).

imprisonment, which is unchanged by application of Amendment 750, is the exact same sentencing range that was left unchanged by application of the amendment at issue in Mateo. See id. at 155. We recently reaffirmed our holding in Mateo after concluding that it is consistent with the Supreme Court's decision in Freeman v. United States, 131 S. Ct. 2685 (2011). See Thompson, 682 F.2d at 291. Thus, Brown's request for a sentence reduction on the basis of Amendment 750 is clearly foreclosed.

Brown has not acknowledged this controlling authority. Instead, he repeats the arguments that he raised for the first time in his motion for reconsideration. We could deem them waived because Brown did not raise them in his underlying motion, see Dupree, 617 F.3d at 732-33, but they lack merit in any event. Brown argues that the Sentencing Commission violated the Administrative Procedures Act ("APA") and principles of due process in promulgating Guidelines commentary that precludes career offenders from benefitting from Amendment 750. We have considered these arguments, and find them unpersuasive. Brown also argues that depriving career offenders of the benefit of Amendment 750 is inconsistent with the legislative intent underlying the Fair Sentencing Act and the policies underlying the crack cocaine amendments in general. These arguments are contrary to the plain statutory language of § 3582(c)(2). See Berberena, 2012 WL 3937666, at *4 (rejecting similar arguments because "[w]e cannot intuit an intent unmoored from Congress' directives"). Finally, Brown argues that the District Court retained the discretion to reduce his sentence because the Guidelines are advisory. We squarely rejected that argument in Mateo because, while the Guidelines

4

may be advisory, the language of § 3582(c)(2) is not and expressly limits district courts' authority to reduce sentences to situations in which the Sentencing Commission has lowered the applicable Guidelines range. See Mateo, 560 F.3d at 155-56. Brown is not in that situation because the crack-quantity Guideline from whose amendment he seeks to benefit played no role in determining his sentence.

For these reasons, we will affirm the judgment of the District Court.