**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3432
_____

UNITED STATES OF AMERICA

v.

SAMUEL GREEN,
                    Appellant

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Criminal Action No. 1-94-cr-00004-001)
District Judge:  Honorable Sue L. Robinson

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 19, 2013
Before:  SMITH, CHAGARES and HARDIMAN[*], Circuit Judges

(Opinion filed: March 1, 2013)
_____

OPINION
_____

PER CURIAM

      Samuel Green appeals the District Court's order denying his motion for a sentence

reduction under 18 U.S.C. § 3582(c)(2).  We will affirm.

I.

_____

[*] Judge Hardiman has been substituted for Judge Weis.

We write primarily for the parties, who are well acquainted with this case, so we review only briefly the essential facts and procedural history.

In 1994, Green was convicted of possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii). Green was also convicted of using a firearm during a drug trafficking crime and possession of a firearm by a prohibited person, in violation of 18 U.S.C. §§ 924(c) and 922(g)(1), respectively. Green qualified as a career offender under § 4B1.1 of the United States Sentencing Guidelines and his total offense level of 35 and criminal history category of VI produced an imprisonment range of 292 to 365 months. The District Court sentenced Green to 360 months imprisonment for the crack cocaine offenses.

At issue here is Green's motion for a reduction in sentence under § 3582(c)(2). In his motion, Green sought a reduction in light of Sentencing Guidelines Amendment 750, which "reduced the crack-related offense levels in § 2D1.1 of the Guidelines" and Amendment 759, which made Amendment 750 retroactive. United States v. Berberena, 694 F.3d 514, 517-18 (3d Cir. 2012). Green also argued that he was entitled to a sentence reduction because his "career offender criminal history significantly over-represents the seriousness of [his] crime." The District Court denied Green's motion in a memorandum order and explained that Green was not entitled to relief under § 3582(c)(2) because Amendment 750 changed the base offense levels for most crack offenses but does not apply to the offense levels applicable to career offenders. Consequently, the District Court stated it could not reduce Green's sentence because doing so would contravene the Sentencing Guidelines's binding policy statement,

2

§ 1B1.10, which limits the application of a retroactive amendment to those cases where the amendment results in a lower imprisonment range. Further, the District Court noted that Green's argument that his career offender classification over-represented his criminal history was not a cognizable basis for relief under § 3582(c)(2).

## II.

We have jurisdiction under 28 U.S.C. § 1291. Our review of the District Court's interpretation of the Sentencing Guidelines is de novo. United States v. Sanchez, 562 F.3d 275, 277-78 (3d Cir. 2009). We review the District Court's ultimate disposition of a § 3582(c)(2) motion for abuse of discretion. United States v. Mateo, 560 F.3d 152, 154 & n.2 (3d Cir. 2009).

## III.

On appeal, Green did not brief his claim that his classification as a career offender over-represented his criminal history and this argument may be deemed waived and abandoned. Kost v. Kozakiewicz, 1 F.3d 176, 182 (3d Cir. 1993). Nevertheless, we agree with the District Court that § 3582(c)(2) precludes relief on that basis. As the District Court noted, relief under § 3582(c)(2) is limited to aspects of Green's sentence affected by a change to the Sentencing Guidelines. See Dillon v. United States, 130 S. Ct. 2683, 2694 (2010). Further, although Green argued in his response to the Government's reply to his motion that the District Court incorrectly designated him a career offender, this argument was not briefed on appeal and is deemed waived and abandoned. Kost, 1 F.3d at 182.

Green's request for a sentence reduction is foreclosed by our existing precedent. As the

District Court noted, a sentencing reduction under § 3582(c)(2) is available only if, inter alia, the defendant was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); see also United States v. Thompson, 682 F.3d 285, 287 (3d Cir. 2012). This language permits a reduction on the basis of a Sentencing Guidelines amendment only if the amendment "ha[s] the effect of lowering the sentencing range actually used at sentencing." Mateo, 560 F.3d at 155 (internal quotation marks omitted); see also U.S.S.G. § 1B1.10(a)(2)(B). For example, in United States v. Mateo, the defendant's offense level was determined by his career offender status, not by the lower offense level dictated by the crack cocaine quantity, so his sentence remained the same even with application of the amendment at issue, Amendment 706. Mateo, 560 F.3d at 154-55. The same is true in this case: Green's sentencing range of 292 to 365 months of imprisonment is unchanged by the application of Amendment 750. Amendment 750 altered the ranges contained in U.S.S.G. § 2 D1.1 that lists the base offense levels for crack cocaine quantities. Amendment 750 did not amend the ranges contained in U.S.S.G. § 4B1.1 that lists offense levels and guideline ranges for career offenders and was used to sentence Green, not § 2D1.1.

In his brief, Green argues that Dorsey v. United States, 132 S. Ct. 2321 (2012), instructs that Amendment 750 is applicable to his sentencing determination. Green's reliance on Dorsey is misplaced. In Dorsey, the United States Supreme Court held that the Fair Sentencing Act, 124 Stat. 2372, which was passed in 2010 and reduced the disparity between penalty provisions for crack cocaine versus powder cocaine, applied to defendants who committed

4

offenses prior to the enactment of the Act but were sentenced after it became effective. 132 S. Ct. at 2326, 2336. <u>Dorsey</u> did not alter the principle that a defendant is only entitled to a sentence reduction if an amendment altered the sentencing guidelines that were actually used at sentencing.[1] <u>See</u> <u>Mateo</u>, 560 F.3d at 155. Consequently, Green is not entitled to a sentence reduction on the basis of Amendment 750 and the District Court did not abuse its discretion in denying Green's § 3582(c)(2) motion.

Accordingly, we will affirm the judgment of the District Court.

---

[1] Green also relies on <u>United States v. Poindexter</u>, 550 F. Supp. 2d 578 (E.D. Pa. 2008), for the proposition that a career offender's sentence can be reduced pursuant to an amendment modifying crack cocaine guidelines. However, his interpretation of <u>Poindexter</u> is incorrect. In <u>Poindexter</u>, the defendant was not sentenced as a career offender but rather was sentenced pursuant to U.S.S.G. § 2D1.1 and therefore was entitled to a sentence reduction. 550 F. Supp. 2d at 581-82. The court even explained that the defendant would not have been entitled to a sentence reduction if he had been sentenced as a career defender because in that case "the drug quantity table [in U.S.S.G. § 2D1.1(c)] does not figure into the guideline range calculus and so a modification of that table cannot have the effect of lowering the defendant's sentence." <u>Id.</u> at 580.