**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3738
_____

UNITED STATES OF AMERICA

v.

DAVID E. GUTIERREZ,
                              Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. No. 2-13-00630-001)
District Judge:  Honorable C. Darnell Jones, II

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 16, 2016

Before: FUENTES, VANASKIE and SCIRICA, Circuit Judges

(Filed: June 24, 2016)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

David Gutierrez, a federal prisoner proceeding pro se, appeals the District Court's order denying his motion requesting a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). For the reasons that follow, we will affirm.

I.

In October 2014, Gutierrez pleaded guilty to one count of attempting to possess with intent to distribute 100 grams or more of heroin and one count of possession with intent to distribute cocaine and marijuana, both in violation of 21 U.S.C. § 841. He entered the plea pursuant to Fed. R. Crim. P. 11(c)(1)(C), which allows a defendant and the Government to "agree that a specific sentence or sentencing range is the appropriate disposition of the case." The parties agreed to a sentence of 96 months in prison.

The U.S. Probation Office prepared a Presentence Investigation Report (PSR) using the U.S. Sentencing Guidelines Manual in effect November 1, 2014. That manual reflected the changes in Amendment 782, which lowered by two the base offense assigned to particular drug quantities. The PSR assigned Gutierrez a base offense level of 30, and he received a two-level enhancement for possessing a firearm. After a three-level reduction for acceptance of responsibility, Gutierrez's total offense level was 29. The PSR placed Gutierrez in Criminal History Category III, yielding a Guidelines range of 108 to 135 months in prison. At Gutierrez's sentencing hearing, which took place January 15, 2015, the District Court determined Gutierrez was in Criminal History Category I, making his Guidelines range 87 to 108 months. The District Court accepted

2

the plea agreement and imposed the agreed-upon sentence of 96 months. Gutierrez did not file a direct appeal.

In June 2015, Gutierrez filed the instant § 3582(c)(2) motion. He sought to have his sentence reduced under Amendment 782. After receiving a response from the Government and a reply from Gutierrez, the District Court denied Gutierrez's motion because, as noted above, the Sentencing Guidelines Manual in effect at his sentencing hearing already reflected the changes made by Amendment 782. Thus, Gutierrez was not entitled to relief. The District Court also noted Gutierrez entered into a binding plea agreement for a 96-month prison term.[1]

Gutierrez appealed. On appeal, Gutierrez argues for the first time that the District Court erred in calculating his base offense level and applying the two-level gun enhancement. The Government asks that we affirm the District Court's order because Gutierrez was sentenced after Amendment 782 took effect. The Government further argues that a defendant may not relitigate his Guidelines calculation in a § 3582(c)(2) motion.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We generally review a district court's denial of a motion for reduction of sentence under § 3582(c)(2) for abuse of discretion. United States v. Mateo, 560 F.3d 152, 154 (3d Cir. 2009). When a district

---

[1] The order being appealed was issued by U.S. District Court Judge Stewart Dalzell. The case has now been reassigned to U.S. District Court Judge C. Darnell Jones, II.

court concludes that a defendant is not eligible for relief under § 3582(c)(2), however, our review is plenary. United States v. Weatherspoon, 696 F.3d 416, 421 (3d Cir. 2012).

III.

A district court generally cannot modify a term of imprisonment once it has been imposed, but a defendant may be eligible for a reduction pursuant to § 3582(c) under certain circumstances. Section 3582(c) allows for a reduction if: (1) the sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," and (2) "a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); United States v. Flemming, 723 F.3d 407, 410 (3d Cir. 2013).

Gutierrez's sentencing took place January 15, 2015, and he was sentenced using the Guidelines manual in effect on November 1, 2014. That manual reflected the changes promulgated by Amendment 782, and Gutierrez was not sentenced based on a range that was subsequently lowered. Furthermore, the District Court imposed a sentence pursuant to Gutierrez's Rule 11(c)(1)(C) plea agreement. That sentence was not expressly based on a Guidelines sentencing range. See United States v. Freeman, 564 U.S. 522, 538-39 (2011) (Sotomayor, J., concurring); United States v. Thompson, 682 F.3d 285, 289-90 (3d Cir. 2012). Therefore, the District Court correctly determined Gutierrez was not entitled to relief under § 3582(c)(2).

Given that Gutierrez was not entitled to relief under § 3582(c)(2), we need not address his arguments about how his sentence was calculated. To the extent Gutierrez

4

seeks direct appellate review of the District Court's original judgment, such review is not available because Gutierrez did not mention that judgment in his notice of appeal, and the time period to appeal that judgment has expired.[2] To the extent Gutierrez complains about his attorney's performance, we note that the proper manner for raising ineffective-assistance-of-counsel claims is a motion under 28 U.S.C. § 2255.[3]

IV.

For the foregoing reasons, we will affirm the District Court's order denying Gutierrez's motion for a reduction of sentence.

---

[2] Gutierrez's reliance on Fed. R. Crim. P. 52(b) is misplaced and does not permit him to challenge his Guidelines calculation in an appeal of a § 3582(c)(2) motion.

[3] It appears such a motion is now pending before the District Court.